Filed 3/17/23 Flinders v. Supreme Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MATTHEW FLINDERS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SUPREME COURT OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | H050203<br>(Santa Clara County<br> Super. Ct. No. 21CV391711) |

Appellant Matthew Flinders sued respondent Supreme Court of California (SCOCA) and the justices serving on SCOCA[1] after he did not pass the attorneys' bar examination in both 2019 and 2020. He claimed that the examination, and programs implemented thereafter by the State Bar of California (the State Bar), wrongfully discriminated against him on the basis of his age. SCOCA demurred to his complaint, and the superior court sustained the demurrer without leave to amend.

Flinders appeals from the judgment of dismissal. He challenges the superior court's conclusions that it lacked jurisdiction, that SCOCA is immune from tort liability to Flinders, and that his complaint failed to allege viable causes of action. He also challenges the superior court's denial of his stay motion and its award of costs to

---

[1] We will generally refer to SCOCA and its justices collectively as SCOCA.

SCOCA. We conclude that the superior court properly entered judgment against Flinders. We decide that SCOCA is immune under the Government Claims Act from Flinders's common law tort causes of action for damages and his prayer for other relief lacked any legal relationship to his causes of action. We also reject Flinders's challenges to the denial of his stay motion and to the award of costs. Accordingly, we affirm the judgment.

## I. ALLEGATIONS IN THE COMPLAINT

Flinders's complaint alleges that he is over the age of 50 and was licensed to practice law in Massachusetts and before the United States Patent and Trademark Office. He moved to California in 2018 and took a job that required him to become a member of the State Bar. He alleges that the State Bar has stated that the California Bar Examination tests " 'minimum competence' " expected of an " 'entry level position.' " (See Bus. & Prof. Code, § 6046.8 [the State Bar is obligated to ensure that the California Bar Examination "properly tests for minimally needed competence for entry-level attorneys"].)

In July 2019, he took the California Attorneys' Bar Examination, which is available only to those who are licensed to practice law in other jurisdictions. (See Bus. & Prof. Code, § 6062, subd. (a)(3).) He did not pass. In February 2020, he again took this examination. Again, he did not pass. Flinders paid a substantial fee to the State Bar to take these examinations, and he also spent many hours on and incurred costs for bar preparation and tutoring courses that he undertook to prepare for taking the examinations. Flinders learned of his second failure on May 8, 2020. He alleges that the "general public received notice" of his failures. Because he had not become a member of the State Bar, his employer terminated his employment.

Soon after he learned of his second failure, Flinders requested records of passage rates from the State Bar, and he received those records on July 7, 2020. Flinders alleges that passage rates for the California State Bar Examination are "closely correlated with

2

examinee age," and younger examinees pass the examination at much higher rates than older examinees. He alleges that SCOCA knowingly and intentionally "caused" the examination "to be unlawfully discriminatory" against older examinees. He also alleges that SCOCA failed to disclose "the extreme and unlawful discriminatory impact" of the examination on older examinees. Flinders alleges that the passage rates reflect that the State Bar did not apply the "MBE Scaling process" that it describes on its Web site. He maintains that the examinations he took "were scored utilizing an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees in protected age categories, and that had no reasonable or legitimate relationship to an assessment of 'minimum competence to practice law as an entry level attorney.' "

The State Bar subsequently implemented two new programs (the "Cut Score Program" and the "New Graduate Program") designed to assist some examinees who had not passed examinations. The "Cut Score Program" altered the passing score for examinees. The "New Graduate Program" permitted provisional licensure for some new law school graduates. Flinders alleges that these two programs also discriminated against older examinees.

## II. PROCEDURAL BACKGROUND

Flinders filed his complaint, containing seven common law tort causes of action, in November 2021. He alleged that he had made a written claim for damages from SCOCA in May 2021.

His interference with contractual relations cause of action alleged that SCOCA had interfered with two different contracts: His employment contract with the law firm that employed him, and his contract with the State Bar, under which he paid fees to take the examinations. He alleged that the scoring of the examinations was done in a manner that discriminated based on age and thereby interfered with these contracts. His interference with prospective economic advantage cause of action similarly alleged that

3

the discriminatory scoring of the examinations and the State Bar's discriminatory programs interfered with his employment prospects.

Flinders's fraud cause of action alleged that the representation that the examination measured " 'minimum competence' " was false. His "false light defamation" cause of action alleged that, by representing that the examination measured minimum competence, SCOCA impliedly and falsely represented that he lacked such minimum competence.

His intentional infliction of emotional distress cause of action alleged that SCOCA's discriminatory and fraudulent conduct was "extreme and outrageous." His negligent supervision cause of action alleged that SCOCA had failed to properly supervise the State Bar's administration of the examinations and programs. Finally, his negligence cause of action alleged that SCOCA had breached its duty to administrate the examinations and programs in a nondiscriminatory manner.

Flinders sought damages and "order[s]" requiring SCOCA to rescore the two examinations Flinders took and to require the administration of future examinations to comply with the State Bar's "contractual and other legal obligations to future examinees." Flinders's prayer for relief also sought non-specific "[r]estitutionary and non-restitutionary disgorgement" and punitive damages.

SCOCA demurred to the complaint on numerous grounds. It asserted that (1) the superior court lacked jurisdiction because SCOCA "has 'sole original jurisdiction' over the attorney admissions process," (2) SCOCA was immune under the doctrines of judicial and legislative immunity, (3) SCOCA was immune from a damages award under the Government Claims Act, (4) Flinders had failed to allege that he had timely presented his claim, and (5) his complaint failed to state any causes of action.

4

Flinders sought a stay of his action pending resolution of his Equal Employment Opportunity Commission (EEOC) actions against SCOCA and the State Bar.[2] The superior court, noting that the EEOC had not filed any actions based on its investigations, declined to stay this action.

The superior court agreed with all of SCOCA's arguments and sustained SCOCA's demurrer without leave to amend. The court subsequently entered a judgment dismissing Flinders's action with prejudice and awarding SCOCA its costs. Flinders timely filed a notice of appeal from the judgment.

### III.  DISCUSSION

Our standard of review is well established.  "In reviewing a ruling sustaining a demurrer without leave to amend, we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice." (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 393–394.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff."[3] (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

---

[2] Flinders has not included his stay motion in the appellate record.
[3] Flinders does not make any assertion that he could amend his complaint to cure its flaws.

5

## A. *The Government Claims Act Precludes Damages Liability*

Flinders's complaint names as defendants the "Supreme Court of California" and individual justices of SCOCA.[4] Our Supreme Court has described the attorney admission process in California: "The State Bar is a 'public corporation' of which every person licensed to practice law in the state is a member. (Cal. Const., art. VI, § 9.) The State Bar serves 'as an administrative arm of [the California Supreme Court] for the purpose of assisting in matters of admission and discipline of attorneys.' [Citation.] The State Bar's Committee of Bar Examiners administers the requirements for admission to the bar, including the bar examination and the assessment of applicants' moral character, and certifies to [the California Supreme Court] those applicants who satisfy the requirements. [Citation.] (Bus. & Prof. Code, §§ 6046, 6064.) [The California Supreme Court] has the sole authority to grant or deny admission to practice law, but it accords great deference to the recommendation of the State Bar." (*Sander v. State Bar of California* (2013) 58 Cal.4th 300, 304–305 (*Sander*).)

Flinders contends that the Government Claims Act does not preclude his causes of action for damages because Government Code section 815.6[5] provides for liability in this case. SCOCA, on the other hand, asserts that section 815 precludes it from being held liable to Flinders for any of his causes of action for damages.

The Government Claims Act applies to both SCOCA and the individual justices who serve on it. (§§ 810.2, 900.3.) Section 815 provides: "Except as otherwise provided by statute: [¶] (a) A public entity [including SCOCA] is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (§ 815.) "A public entity is not liable for an injury

---

[4] Flinders also names as Doe defendants, "staff attorneys, agents, and administrators" of SCOCA "who partook in facilitating the conduct" set forth in the complaint, but those defendants are not before us in this appeal.

[5] Unspecified statutory references are to the Government Code.

caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." (§ 818.4.) SCOCA is the sole entity authorized to determine whether a person should be licensed to practice law in California. (*Sander*, *supra*, 58 Cal.4th at p. 305; *Brotsky v. State Bar* (1962) 57 Cal.2d 287, 300 (*Brotsky*).)

Although sections 815 and 818.4 appear to preclude SCOCA from being held liable for any injury caused by SCOCA's denial of a license to Flinders, Flinders claims that section 815.6 permits liability in this case. Section 815.6 provides: "Where a public entity is *under a mandatory duty imposed by an enactment* that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (§ 815.6, italics added.)

Flinders contends that SCOCA was under a " 'mandatory duty' " under California's Fair Employment and Housing Act (FEHA) and the federal Age Discrimination in Employment Act (ADEA) "as an employer of attorneys and as a 'licensing board' by way of" the State Bar. His theory is that the FEHA and the ADEA "make it unlawful" for SCOCA "to discriminate" on the basis of age and thereby, in his view, "clearly impose[] a 'mandatory' duty" on SCOCA to refrain from age discrimination.

The only "enactment[s]" identified in Flinders's complaint as any basis for his " 'mandatory' duty" argument are section 12944, a provision of FEHA, and 29 Code of Federal Regulations sections 1625.6(c) and 1625.2, which are ADEA regulations. His appellate briefs refer only to section 12944 specifically and make only nonspecific references to the ADEA. As he fails to identify any specific mandatory duty the ADEA

7

imposes on SCOCA, we decide that Flinders has abandoned on appeal any argument concerning the ADEA.

Flinders asserts that section 12944 imposes a mandatory duty on SCOCA, such that it may be liable under section 815.6 for the injuries he allegedly suffered. "The first element of liability under Government Code section 815.6 requires that ' "the enactment at issue be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken. [Citation.] It is not enough, moreover, that the public entity or officer have been under an obligation to perform a function if the function itself involves the exercise of discretion. [Citation.]" [Citation.] Courts have construed this first prong rather strictly, finding a mandatory duty only if the enactment "affirmatively imposes the duty and provides implementing guidelines." ' [Citation.] [¶] ' "Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts." [Citations.] We examine the "language, function and apparent purpose" of each cited enactment "to determine if any or each creates a mandatory duty designed to protect against" the injury allegedly suffered by plaintiff.' " (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 180–181.)

Section 12944 provides: "It shall be unlawful for *a licensing board* to require any examination or establish any other qualification for licensing that has an adverse impact on any class by virtue of its race, creed, color, national origin or ancestry, sex, gender, gender identity, gender expression, age, medical condition, genetic information, physical disability, mental disability, reproductive health decisionmaking, or sexual orientation, unless the practice can be demonstrated to be job related." (§ 12944, subd. (a), italics added.)

All of Flinders's causes of action arise from the State Bar's administration of the procedures for gaining admission to practice law in California. His interference causes of

8

action challenge the State Bar's method of scoring the examinations, and his fraud and defamation causes of action challenge the State Bar's characterization of what the examinations measure. His remaining causes of action are entirely derivative of these challenges.

Section 12944 does not apply to the State Bar's procedures, such as the administration of examinations and programs, for facilitating admission to practice law in California. "No law of this state restricting, or prescribing a mode of procedure for the exercise of powers of state public bodies or state agencies, or classes thereof, including, but not by way of limitation, the provisions contained in Division 3 (commencing with Section 11000) [which include section 12944], Division 4 (commencing with Section 16100), and Part 1 (commencing with Section 18000) and Part 2 (commencing with Section 18500) of Division 5, of Title 2 of the Government Code, shall be applicable to the State Bar, unless the Legislature expressly so declares." (Bus. & Prof. Code, § 6001.) Since the Legislature has not expressly provided that section 12944 applies to the State Bar, it does not. (See *Kohn v. State Bar of California* (N.D. Cal. 2020) 497 F.Supp.3d 526, 538–539 & fn. 4.)

Moreover, section 12944 does not by its terms apply to SCOCA. Section 12944 expressly limits its provisions to a "licensing board," which it defines as "any state board, agency, or authority in the Business, Consumer Services, and Housing Agency [(BCHA)] that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status."[6] (§ 12944, subd. (f).) Flinders concedes that SCOCA is not an "authority in the [BCHA]." While SCOCA has the authority to grant a license to practice law, Flinders has failed to allege or provide any legal basis for

---

[6] Even if the State Bar were not exempted from section 12944, that statute still would not apply to the State Bar because it lacks the authority to grant a license to practice law. "The State Bar has no power to admit persons to practice law. On the contrary, its failure or refusal to certify is specifically made reviewable" by SCOCA. (*Brotsky*, *supra*, 57 Cal.2d at p. 300.)

a conclusion that SCOCA itself is a state board or agency within the meaning of section 12944.

Even if section 12944 did apply to SCOCA, the statute does not create a "mandatory duty" within the meaning of section 815.6. "In order for Government Code section 815.6 to be applicable, the enactment relied upon must impose a *mandatory* duty, not a discretionary duty; neither must the enactment simply set forth a prohibition or a right, as opposed to an affirmative duty on the part of a government agency to perform some *act.*" (*Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1239.) Section 12944 merely sets forth a prohibition, not an affirmative duty to perform a certain act. For these reasons, we reject Flinders's assertion that section 815.6 applies to the causes of action he alleges.

Flinders contends that, at the very least, the Government Claims Act does not apply to his defamation or fraud causes of action because section 822.2 makes SCOCA liable. We disagree.

"A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." (§ 818.8.) "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." (§ 822.2.) Thus, a public entity is not liable for an employee's intentional misrepresentation, though its employee may be liable for fraud if the employee is "guilty of actual fraud, corruption or actual malice." (*Ibid*.)

Flinders argues that section 822.2 applies here even though he denies that he seeks to hold SCOCA liable for any misrepresentations of its employees. We reject this contention because his complaint does not bring section 822.2 into play as it lacks any specific allegations of "actual fraud." (§ 822.2.) "[C]onclusory allegations" will not bring a fraud cause of action against a public entity within section 822.2. (*Curcini v.*

10

*County of Alameda* (2008) 164 Cal.App.4th 629, 649.) He alleged that SCOCA "willfully and intentionally engaged in fraud and deceit as defined by California Civil Code §[§] 1709-1710 [(which define deceit)]" and made "knowingly false" representations "with the intent to deceive" "while knowing and concealing" the truth. His defamation cause of action alleged that SCOCA's representations were "false," "fraudulent," and "offensive." These conclusory allegations, which did no more than skeletally allege fraud and defamation, were inadequate to bring his causes of action within the "actual fraud" exception set forth in section 822.2.

We decide that Flinders failed to allege any causes of action for damages that were not precluded by the Government Claims Act.

### B. *Non-Damages Relief*

The prayer at the end of Flinders's complaint sought not only damages but also "order[s]" requiring SCOCA to rescore the two examinations Flinders took and to require the administration of future examinations to comply with the State Bar's "contractual and other legal obligations to future examinees." It also sought "[r]estitutionary and non-restitutionary disgorgement." All of Flinders's causes of action were common law torts. Nowhere in his complaint were there any allegations of any legal basis for injunctive relief or "disgorgement." As Flinders makes no effort on appeal to explain how he could be entitled to any nondamages relief on any of the causes of action that he pleaded in his complaint, he has not shown that the superior court erred in sustaining the demurrer as to any claims for nondamages relief.

### C. *Stay Motion*

Flinders asserts that the superior court abused its discretion in denying his stay motion. He has not included his motion in the appellate record. "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "It is appellant's burden to demonstrate error by an adequate record [citation], and without an adequate

11

record we must assume facts in support of the trial court's order." (*Vermeulen v. Superior Court* (1988) 204 Cal.App.3d 1192, 1198–1199.)  Here, we must assume that the superior court had an adequate factual basis for its denial of Flinders's stay motion.[7]  Therefore, Flinders has not met his burden on appeal of demonstrating prejudicial error.

### D. Costs

Flinders challenges the superior court's costs award to SCOCA.  He maintains that a costs award was precluded because his causes of action were intertwined with FEHA causes of action.  Flinders did not allege any FEHA causes of action, and thus his argument concerning costs lacks merit.

## IV. DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

[7] SCOCA seeks judicial notice of a right-to-sue letter issued by the EEOC, before the superior court ruled on Flinders's stay motion.  We deny this request as the document is unnecessary to our resolution of this issue.

_____
                Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian,  Acting P.J.

_____
Wilson,  J.

**H050203**
*Flinders v. Supreme Court of California*